IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLOTTE SWEARINGEN,** | ) | **CASE NO. 4:05CV3079** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the motion to reverse and remand filed by the Commissioner (Filing No. 17). The motion to reverse and remand is opposed. (Filing No. 14.)

The Commissioner requests an order and final judgment reversing the decision of the Administrative Law Judge ("ALJ") and remanding this case to the Commissioner pursuant to sentence four of Section 205(g), 42 U.S.C. § 405(g).[1]  Counsel for the Commissioner has represented that, upon agency counsel's request, the Appeals Council reconsidered the case and determined that a remand was appropriate. Remand under sentence four of section 405(g) is requested for: a reevaluation of the Plaintiff's limitations, specifically overhead reaching with the right arm; additional vocational expert testimony, if necessary; and consolidation with a subsequent application that is now pending before an ALJ.

---

[1]Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

The Court finds that remand would ensure that the Plaintiff's claim is properly considered at the administrative level and possibly make judicial review unnecessary. In the interest of justice and judicial resources, the motion will be granted. On remand, the ALJ is directed to: reevaluate the Plaintiff's limitations, including but not limited to overhead reaching with the right arm; obtain additional vocational expert testimony, if necessary; and consolidate this matter with a subsequent application that is now pending before an ALJ.

Finally, the entry of final judgment in this matter triggers the appeal period that determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act.

IT IS ORDERED:

1. The Defendant's motion to reverse and remand (Filing No. 17) is granted;

2. The decision of the ALJ is reversed;

4. This action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order; and

6. Judgment will be entered in a separate document.

DATED this 2nd day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge